throw the whole fund into the general estate, freed from the widow's life estate, and the judgment does not so provide. The only purpose was to preserve the principal, so that, when the time came, it should be available for distribution to the remaindermen. I am therefore of the opinion that the fifth clause of the will still remains operative, and casts upon the general estate the burden of paying the taxes, if any there be, levied upon the fund of $500,000 in which the defendant Vivian has a life estate.

Indeed, I am by no means satisfied that this fund has ever been taxed. The personal taxes, a part of which are sought to be imposed upon the homestead fund, are assessed against "John F. Patterson and Susan L. Vivian, as executors and trustees, estate of Marshall O. Roberts." If I am correct in the views already expressed that the homestead fund is held by Mr. Patterson and Mrs. Vivian as custodian appointed by the court, and not as executors and trustees under the will of Marshall O. Roberts, and that the fund, or at least Mrs. Vivian's life estate in it, constitutes no present part of the estate of the testator, it is not included, in terms, in the assessment, and as the assessable estate, outside of the homestead fund, is much larger than the amount of the assessment, there is no presumption that that assessment included the homestead fund.

The same considerations lead to the conclusion that the income of the general estate should bear and pay the taxes and insurance upon the property in which the furniture fund has now perforce been invested. The will, however, does not provide for payment by the general estate of the necessary repairs upon the furniture and personal property, and such repairs upon the property representing the furniture should not be charged against that estate.

The judgment appealed from should therefore be reversed with costs and disbursements to all parties payable out of the estate, and the matter remitted to the Special Term to recast the accounts in conformity to this opinion.

INGRAHAM, P. J., and LAUGHLIN, J., concur.

---

(65 Misc. Rep. 634.)

In re CANAL PLACE IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1910.)

EMINENT DOMAIN (§ 234*)—REPORT OF COMMISSIONERS—AMENDMENT—PARTNERSHIP PROPERTY.

Where commissioners of appraisement reported that a certain sum should be paid to persons for land taken for a street, the report should not be amended by striking out the name of one of such persons, on the ground that they were partners and the land partnership property, though after the death of one of the parties the surviving partner accounted to his administratrix on the ground that the lands were partnership property, where it does not appear that the heirs at law of the decedent were parties thereto.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 603; Dec. Dig. § 234.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of opening Canal Place, from East 138th Street to East 144th Street. On motion for order amending the report of the commissioners of estimate. Motion denied.

See, also, 115 N. Y. Supp. 458, 101 N. Y. Supp. 397.

Michael J. Mulqueen, for petitioner.
Constantine T. Timonier, for Jennie Godde.

BRADY, J. This is a motion for an order amending the report of the commissioners of estimate, filed and confirmed in this proceeding on or about December 1, 1908, by striking from said report the name of Richard W. Kane as one of the persons to whom an award for damage parcels Nos. 4PP1, 4QQ1, 4RR1, 4SS1, 4TT1, and 4UU1 was made, and directing the comptroller of the city of New York to pay said award, with the interest thereon, to Bernard Lenahan. The award was made by the commissioners of estimate to Richard W. Kane and Bernard Lenahan, as owners of record of the property acquired herein by the city of New York. Richard W. Kane and Bernard Lenahan, named in said report, and to whom the award was made, had been for a number of years copartners, and were copartners at the time of the death of Kane in January, 1895. Kane died intestate, leaving a widow, Jennie Kane, now Jennie Godde, and seven children, one of whom is yet an infant. After Kane's death an action was brought in this court by his widow, as administratrix, against Lenahan, the surviving partner, for an accounting, etc., and in the settlement agreed to between them in that action the real estate in question was treated by both parties as partnership property, and was made the subject of an accounting. This motion was brought on by service upon Jennie Godde, the widow, of a petition duly verified by Bernard Lenahan, together with notice of motion asking for the relief hereinbefore stated, and the said Jennie Godde appears by attorney and opposes the application upon the contention that the real estate in question was not partnership property, but was real estate held as tenants in common by Kane and Lenahan, and that the interest of Kane therein descended, upon his death, to his heirs at law.

The moving party contends that the accounting made by him in the action referred to estops the heirs at law and the administratrix from making present claim to the award, or any part thereof. The heirs at law of Kane were not parties to the action for an accounting brought by his administratrix against the surviving partner. I am referred to the case of Darrow v. Calkins, 154 N. Y. 514, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637, which appears to support the contention that the heirs at law of a deceased partner are not necessary parties to an action for an accounting brought against the surviving partner by the administratrix, and that such heirs at law are estopped by the determination in such action, where no controversy existed as to the character of the property as partnership property. But, assuming that the doctrine laid down in the case cited is well founded, I have grave doubt that it warrants the granting of the order asked for herein. Upon the face of the commissioners' report the award is made to Richard W. Kane and Bernard Lenahan. I have not before me the evidence upon which the award was so made, nor are the heirs at law of

Kane, who have an undoubted right, in my mind, to an opportunity to uphold said award, now before the court. The motion is not to correct an error which might be apparent from an inspection of the papers, but is rather to determine the rights of parties not now before the court, and to alter the findings of the commissioners of estimate, which it must be presumed they reached upon sufficient evidence.

Motion denied. Settle order on notice.

---

(65 Misc. Rep. 623.)

### GUARANTY TRUST CO. v. MOYNAHAN.

(Supreme Court, Special Term, New York County. December, 1909.)

1. TAXATION (§ 658*)—TAX LIENS—NOTICE OF SALE.

A notice of a sale for tax liens under Greater New York Charter (Laws 1901, c. 466) § 1027, as amended in 1908 (Laws 1908, c. 490), should state the amount of the taxes required to be paid to prevent the sale.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 658.*]

2. TAXATION (§ 658*)—TAX LIENS—SPECIAL FRANCHISES—NOTICE OF SALE.

Where a notice of a proposed sale for tax liens on special franchises of a street railroad specified the taxes appearing to be due and arrears, but failed to give credit for the amounts received on account of percentages of gross earnings and other payments for which the special franchises were entitled to credit under Tax Law (Consol. Laws, c. 60) § 48, the notice was insufficient, and a sale thereunder would be restrained.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 658.*]

Action by the Guaranty Trust Company against Daniel Moynahan to restrain the sale of tax liens on special franchises of certain street railways. Injunction granted.

Julian T. Davies, William F. Sheehan, and Brainard Tolles, for plaintiff.

Francis K. Pendleton, Corp. Counsel (Curtis A. Peters, of counsel), for defendant.

MacLEAN, J. Because of oversight, neglect, or other official fault, exorbitant sums are stated in the defendant's advertisement of the amounts of taxes for the years 1901 and 1907, inclusive, remaining due and unpaid, for the liens of which the franchises of the Metropolitan Street Railway Company are to be sold this day to whomsoever shall offer to take the same in consideration of advancing the taxes and penalties and interest thereon at the lowest rate of interest, not exceeding 12 per cent. per annum.

It transpired upon the argument, and was conceded, that each of the amounts so announced as requisite for the several years indicated above was materially excessive, by reason of failure to deduct therefrom substantial sums paid as compensation for the use of streets, not less than $250,000 in any one year and aggregating $1,971,959.40, being "payments in the nature of a tax," made to the collector of the city revenue, whose duty it was under the statute (Laws 1899, c. 712, § 46, now Tax Law [Consol. Laws, c. 60] § 48), year by year, not less than 5 nor more than 20 days before the franchise tax was payable,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes